# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 93-CR-30132-WDS |
| TOMMY MITCHELL, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to vacate his conviction and sentence (Doc. 151) which he has filed in his criminal case. As the Seventh Circuit noted in *Vitrano v. United States,* 643 F.3d 229, 233 (7th Cir. 2011):

> Any motion filed in the district court that imposed sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.

In this case, the defendant previously filed a motion for habeas relief, *see*, *Mitchell v. United States*, 94-CV-704-WLB which was dismissed in 1995. He cannot now file a "motion to vacate" in his criminal case. He has not sought, nor received leave of the Seventh Circuit to file a second or successive habeas petition, and this Court therefore cannot consider his motion to vacate and it is **DENIED.**

**IT IS SO ORDERED.**

**DATE:  4 April, 2012**

                                          **/s/  WILLIAM D. STIEHL**
                                               **DISTRICT JUDGE**